**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 03-6372

───────────

MICHAEL KANARD MAY,

Petitioner - Appellant,

versus

LARRY MILLER, Superintendent, Foothills
Correctional Institution; THEODIS BECK,
Secretary of North Carolina Department of
Correction,

Respondents - Appellees.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Terrence W. Boyle, Chief
District Judge. (CA-02-374-5-BO)

───────────

Submitted:  June 19, 2003          Decided:  July 10, 2003

───────────

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

───────────

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

───────────

Kristin Davis Parks, NORTH CAROLINA PRISONER LEGAL SERVICES, INC.,
Raleigh, North Carolina, for Appellant. Clarence Joe DelForge, III,
OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North
Carolina, for Appellees.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Michael Kanard May, a North Carolina prisoner, seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C. § 2254 (2000). An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000).

The district court granted a certificate of appealability with respect to May's claim that the North Carolina short-form indictment for murder violates Apprendi v. New Jersey, 530 U.S. 466 (2000). Upon our review, we affirm the district court's order denying relief for the reasons stated by the district court. See May v. Miller, No. CA-02-374-5-BO (E.D.N.C. Jan. 22, 2003).

May also claims that his constitutional rights were violated when the trial court denied a request for a jury instruction as to an alleged agreement between the State and a defense witness, and that evidence of this agreement was suppressed and misrepresented by the State to the jury and defense counsel. As to this claim, we have independently reviewed the record and find that May has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) (2000); Miller-El v. Cockrell, 537 U.S. 322 (2003). Accordingly, we deny a certificate of appealability and dismiss as to this claim. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART